# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIKA C. SUEING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-1328-SMY-MAB |
| | ) |
| ALEXANDER COUNTY HOUSING AUTHORITY, JAMES WILSON, THOMAS UPCHURCH, JOANNE PINK, MARTHA FRANKLIN, BEN CARSON, and HOUSING AND URBAN DEVELOPMENT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is before the Court for consideration of Plaintiff Jamika C. Sueing's Motion for Leave to Proceed *in forma pauperis* (Doc. 2), Motion for Recruitment of Counsel (Doc. 3), and Motion for Service of Process at Government Expense (Doc. 4).

Under 28 U.S.C. § 1915, an indigent party may commence an action without paying required costs and fees upon submission of an affidavit demonstrating the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court is satisfied from Sueing's affidavit that she is indigent and cannot pay the $400.00 filing fee at this time. While she is employed and receives $2,049.68 per month, she has 5 dependent children and expenses in the amount of $460.00 per month. Under these circumstances, the $400.00 filing fee presents a significant hardship.

The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). In other words, the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The standard for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, under Rule 8 of the Federal Rules of Civil Procedure, a Complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> Fed. R. Civ. P. 8(a).

In this case, Sueing claims she lived in housing developments operated by Defendant Alexander County Housing Authority ("ACHA") under "abhorrent conditions" and that she was subjected to disparate treatment, racial segregation, unfair housing, and race/familial status discrimination. She alleges that she lived in the Elmwood Housing Development until 2008 and the McBride Development until 2015 when she was forced to move due to unlivable conditions.

Sueing further alleges, in general terms, that the ACHA and U.S. Department of Housing and Urban Development ("HUD") have an extensive history of discriminatory practices in violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, *et seq.*, and Illinois' Civil Rights Act of 2003, 740 Ill. Comp. Stat. § 23/1, *et seq.* She claims that the ACHA, while being overseen by the HUD, allowed unsanitary and unlivable conditions in housing developments like McBride and Elmwood (which are in the process of being demolished) that were primarily housed by African-Americans and families while adequately maintaining other housing developments such as the Connell Smith Development which is occupied by Caucasian and elderly residents. She alleges that residents at Elmwood and McBride suffered from respiratory ailments requiring hospitalization and that children in those developments were diagnosed with lead poisoning and other disorders. She claims the individual defendants took no meaningful action to remedy the unlivable conditions or the discrimination based on race or familial status.

The Court finds that the Complaint meets the notice pleading requirements of Rule 8. Accordingly, Sueing's Motion to Proceed *in forma pauperis* is **GRANTED** (Doc. 2). Because 28 U.S.C. § 1915(d) allows service of process at government expense, her Motion requesting the same is **DENIED as MOOT** (Doc. 4).

Sueing also requests appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on her own, and, if so, (2) whether the

difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). Sueing states that she tried to find counsel by consulting the Carbondale phone book and that "no one [was] willing to take over case." This is insufficient to meet Sueing's threshold burden of demonstrating that she attempted to recruit counsel prior to seeking the Court's assistance. Accordingly, the Motion for Recruitment of Counsel is **DENIED without prejudice** (Doc. 3). Sueing may renew her request for counsel at any time during the pending action, after first attempting to locate counsel on her own. If she does renew her request, she should include rejection letters from at least three attorneys to demonstrate that she has made reasonable efforts to obtain counsel on her own.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**, the Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**, and the Motion for Service of Process at Government Expense (Doc. 4) is **DENIED as MOOT**.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summon) and (2) Form 6 (Waiver of Service of Summons) for Defendants **Alexander County Housing Authority,[1] James Wilson, Thomas Upchurch, Joanne Pink, Martha Franklin and Secretary Ben Carson, U.S. Department of Housing and Urban Development.** The Clerk is further **DIRECTED** to mail these forms and copies of the Complaint, and this Memorandum and Order to these Defendants by certified mail.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office

---

[1] Plaintiff did not provide ACHA's address which is 1100 Ohio Street, Cairo, IL 62914.

of the United States Attorney for the Southern District of Illinois, a copy of the summons for **Secretary Ben Carson, U.S. Department of Housing and Urban Development**, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons for **Secretary Ben Carson, U.S. Department of Housing and Urban Development**, the Complaint, and this Memorandum and Order.

If a Defendant can no longer be found at the work address listed above, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS SO ORDERED.**

**DATED: January 13, 2020**

**STACI M. YANDLE
United States District Judge**